**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**D.R. HORTON, INC.;
D.R. HORTON, INC. – BIRMINGHAM; AND
D.R. HORTON, INC. – GULF COAST**                                                                   **PLAINTIFFS**

**V.**                                                                             **CAUSE NO. 1:19-cv-00329-LG-RHW**

**CANAL INDEMNITY INSURANCE**                                                     **DEFENDANT**

**<u>DEFENDANT'S MOTION TO DISMISS</u>**

Defendant, Canal Indemnity Company ("Canal") (improperly named as Canal Indemnity Insurance by Plaintiffs in the style of their Complaint and as Canal Insurance Company in Paragraph No. 2 of their Complaint), files this Motion to Dismiss.

1. As set forth in more detail in Canal's supporting Memorandum of Authorities, the Complaint filed against Canal should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(3) since the insurance policy under which Plaintiffs seek defense and indemnity from Canal contains a broad, valid, and enforceable arbitration agreement that covers the claims in dispute in this action.

2. The Canal policy includes a valid and enforceable "ARBITRATION ENDORSEMENT," which requires arbitration of ***"[a]ny and all disputes***, controversies or claims ***arising out of or relating to*** any transaction or the construction, performance, or breach of this or any other Agreement between any insured and the company . . . ." *See* Ex. "A", at p. 12 of PDF (emphasis added).

3. All of the claims pled against Canal – declaratory judgment, breach of contract, bad faith breach of contract, and damages – arise out of and relate to the construction, performance, or alleged breach of the insurance policy at issue. *See* [ECF No. 1-1], at pp. 13-17/139. As a result,

all of the claims against Canal fall within the scope of the broad, valid, and enforceable Arbitration Endorsement.

4. For these reasons, and for the additional reasons set forth in Canal's supporting Memorandum of Authorities, this matter should be dismissed with prejudice in favor of arbitration.

**WHEREFORE, PREMISES CONSIDERED**, Canal respectfully requests that the Court grant the instant Motion and dismiss Plaintiffs' Complaint with prejudice in favor of arbitration.

Respectfully submitted, this the 17th day of July, 2019.

        **CANAL INDEMNITY COMPANY**

        **BY: CARROLL WARREN & PARKER PLLC**

        **BY: /s/** R. Douglas Morgan
          **R. Douglas Morgan**

**OF COUNSEL:**
R. Douglas Morgan, MSB #100025
Jacob Stutzman, MSB #101940
**CARROLL WARREN & PARKER PLLC**
Post Office Box 1005
Jackson, MS 39215-1005
Telephone: 601-592-1010
Facsimile: 601-592-6060
dmorgan@cwplaw.com
jstutzman@cwplaw.com

**ATTORNEYS FOR CANAL INDEMNITY COMPANY**

1002310

2

## CERTIFICATE OF SERVICE

  I, R. Douglas Morgan, do hereby certify that a true and correct copy of the above and foregoing has been filed electronically with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

  This the 17th day of July, 2019.

**/s/** R. Douglas Morgan
R. Douglas Morgan

1002310