IN THE CIRCUIT COURT OF THE SECOND JUDICIAL DISTRICT
HARRISON COUNTY, MISSISSIPPI

ELDON MARTINO, BY AND THROUGH
HIS NEXT FRIENDS, CHERYL MARTINO
AND STEPHEN MARTINO, AND CHERYL
MARTINO AND STEPHEN MARTINO INDIVIDUALLY      PLAINTIFFS

versus                                          CAUSE NO. A2402 17-3

D. R. HORTON, INC.,
D. R. HORTON, INC. – BIRMINGHAM,
D. R. HORTON, INC. - GULF COAST,
UNKNOWN JOHN and JANE DOES A, B, C,
and OTHER UNKNOWN CORPORATE ENTITIES X, Y, Z      DEFENDANTS

## COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW Plaintiffs, Eldon Martino (hereinafter "Eldon"), Cheryl Martino (hereinafter "Cheryl") and Stephen Martino (hereinafter "Stephen"), by and through their attorneys of record, Rushing & Guice, P.L.L.C., and bring this action against D. R. Horton, Inc. (hereinafter referred to individually as "Horton"), D. R. Horton, Inc. – Gulf Coast (hereinafter referred to individually as "Horton-Gulf Coast"), and D. R. Horton, Inc. – Birmingham (hereinafter referred to individually as "Horton-Birmingham")( all defendants are hereinafter collectively referred to as the "Horton Defendants"), and Unknown John and Jane Does A, B, C, and other Unknown Corporate Entities X, Y, Z, and in support of their good cause of action would show unto the Court and give notice of the following to wit:

### PARTIES

1.

Plaintiffs are adult resident citizens of the State of Texas residing at 1718 Quail Ridge Drive, Katy, TX 77450.



RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

2.

Horton is a Delaware corporation with its principal place of business in Texas. Horton may be served with process through its registered agent for service of process, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St., Wilmington, Delaware 19801.

3.

Horton-Gulf Coast is a Delaware corporation with its principal place of business in Texas. Horton-Gulf Coast may be served with process through its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

4.

Horton-Birmingham is an Alabama corporation with its principal place of business in Texas. Horton-Birmingham may be served with process through its registered agent for service of process, CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

5.

Other Unknown John and Jane Does A, B, C are unknown Defendants who may be seasonably supplemented after discovery.

6.

Other Unknown Corporate Entities X, Y, Z are unknown Defendants who may be seasonably supplemented after discovery.

## JURISDICTION AND VENUE

7.

This is a cause of action at law for negligence, and therefore the Circuit Court has jurisdiction over the subject matter. Jurisdiction and venue are proper in Harrison County, Mississippi, Second Judicial District, as this is the county and judicial district in which the cause of action accrued.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

Case 1:17-cv-00003   Document #: 1   Filed: 01/06/2017   Page 2 of 14   Page 2 of 14

## STATEMENT OF FACTS

8.

According to its website, marketing media, and corporate filings, Horton is the self-proclaimed largest homebuilding company in the United States.

9.

As set forth in the Form 10-K filed by Horton, Horton-Gulf Coast and Horton-Birmingham are subsidiaries of Horton. (Relevant pages of Form 10-K are attached as **Exhibit A**).

10.

At all times mentioned herein, Horton-Birmingham was the owner of real property located at 3956 River Trace in D'Iberville, Mississippi. (Warranty Deed dated June 13, 2013 and recorded as Instrument No. 2013 1646D-J2 on June 14, 2013 in the Land Records of Harrison County, Mississippi, Second Judicial District is attached hereto as **Exhibit B**).

11.

At all times mentioned herein, Horton did business on the Mississippi Gulf Coast through its subsidiary, Horton-Gulf Coast.

12.

On September 6, 2013, Horton completed a Building Department Permit Application with the City of D'Iberville using Horton-Birmingham's Mississippi State Contractor's License #R17312. (Copy of Building Department Permit Application attached as **Exhibit C** and copy of Mississippi State Contractor's License attached as **Exhibit D**).

13.

Horton bought Breland Homes, the 38th-largest U.S. home builder, with operations in Alabama and Mississippi, in 2012. According to plan drawings submitted to the City of D'Iberville by Horton, Horton's engineer, Bethel Engineering, approved a set of plans for Horton which were

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925
228 374-2313

W:\9074\Working\Pleadings\Complaint.docx

Case: 24CI2:17-cv-00003 Document #: 1 Filed: 01/06/2017 Page 3 of 14

Page 3 of 14

obtained from Breland Homes for a home known as the "Bonaventure" on August 15, 2013. (Title Page attached hereto as **Exhibit E**).

14.

The home was constructed by Horton at 3956 River Trace and a Certificate of Occupancy was issued to Horton by the City of D'Iberville on January 3, 2014. (Copy of Certificate of Occupancy attached hereto as **Exhibit F**).

15.

Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each of the Horton Defendants named in the caption of this Complaint, which is incorporated herein by reference, was and is the agent, partner, joint venturer, alter ego, servant or employee of each of the other Horton Defendants, and all of the things alleged to have been done by said Horton Defendants were done in the capacity of all Horton Defendants and as agent for the other Horton Defendants within the scope of the agency, partnership, joint venture, or employment. The Horton Defendants are liable to Plaintiffs for the damages caused by their alter egos, including actual and punitive damages as set forth in the "Damages" paragraphs below.

16.

On September 28, 2014, while Eldon was an invitee at the Horton Defendants' model home in the River Trace development in D'Iberville, Mississippi with his grandmother, uncle, mother Cheryl and father Stephen, he was severely injured when he fell down the stairs in the 2 story model home due to the negligent design of the staircase. Not only was the staircase in the model home constructed in violation of the applicable building code, but it also failed to comply with the ADA Standards for Accessible Design. At all times mentioned herein, the Horton Defendants invited members of the public to use their model home for such purposes as a means of attracting customers

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

W:\9074\Working\Pleadings\Complaint.docx

Case 24CI2:17-cv-00003 Document #: 1 Filed: 01/06/2017 Page 4 of 14 Page 4 of 14

for the purchase of its homes, making all areas of the model home open to potential purchasers for inspection.

17.

Eldon, Cheryl, Stephen and other family members were visiting because Eldon's grandmother was interested in purchasing a home in the River Trace Development and in fact, ultimately did so.

18.

Upon arriving at the model home, Eldon, Cheryl, Stephen and other family members were greeted by an employee of the Horton Defendants who met with them briefly inside the model home, and then left them to tour the entire model home, including the second floor. Eldon climbed the stairs to look at the second story bonus room. On his descent, he fell.

19.

Eldon suffers from metabolic bone disease and osteoporosis, has been adjudicated disabled, and has a disability within the meaning of the ADA. 42 U.S.C. § 12102(2)(A).

20.

Title III of the ADA applies to sales or rental establishments and provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Sales or rental establishments are included.

21.

Eldon sustained the following severe injuries as a result of this fall: right occipital skull fracture, subdural hematoma, a fracture of cervical spine C6-C7, bilateral femur neck fractures and bilateral hip fractures with right acetabular fracture. Eldon was hospitalized at Singing River Hospital

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

in Ocean Springs Mississippi where he developed seizure activity shortly after arrival and was transported to USA Medical Center in Mobile, Alabama. Eldon was admitted to the intensive care unit with head trauma, multiple fractures and contusions to the chest wall. Eldon required orthopedic surgery for stabilization of fractures. No surgery was required for drainage of the subdural hematoma.

22.

These significant injuries were further complicated by Eldon's pre-existing metabolic bone disease and osteoporosis. Extensive physical therapy and rehabilitation were required. As his condition stabilized he returned to his parent's home near Houston, Texas for continued care and has remained there since.

23.

Eldon lives with his parents, Cheryl and Stephen, who have cared for him since he was released from the hospital on October 10, 2014. Eldon's injuries have caused Cheryl and Stephen to incur great expense. His parents cannot afford to hire help. Prior to the accident, Eldon was mobile and able to walk without assistance and climb the stairs in his home to his second story bedroom. Now Eldon's condition is fragile. Eldon cannot walk without assistance, cannot climb stairs, and his doctors have advised that another fall could be fatal. Eldon's parents cannot leave him alone for longer than 20 minutes and have been forced to sell their two story home and purchase a one story home. At all times mentioned herein, prior to the accident Eldon was able to engage in an independent life and since the injury is unable to do so.

24.

At all times mentioned herein, not only was the staircase constructed in violation of the applicable building code, but also failed to comply with the ADA Standards for Accessible Design.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

25.

At all times mentioned herein, the Horton Defendants knew or should have known of this dangerous condition that then and there existed.

26.

At all times mentioned herein, the injuries suffered by Eldon, Cheryl and Stephen were the direct and proximate result of the negligence of the Horton Defendants or their agents and/or employees while acting in the course and scope of their employment and/or agency.

## COUNT I - NEGLIGENCE

27.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 26 above.

28.

The Horton Defendants were negligent in the following:

a) invited patrons to traverse a known hazardous area;

b) failed to construct a safe and compliant stairwell within their model home;

c) failed to have adequate warnings to advise patrons that the stairwell area was dangerous;

d) failed to properly inspect a known patron access point for hazards;

e) failed to exercise adequate due care for the safety of their patrons;

f) failed to maintain adequate staff to provide for the safety of their patrons;

g) failed to adequately train staff to remove such hazards to patrons as described herein;

h) failed to otherwise exercise due care with respect to the matters alleged in this complaint; and

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

Case: 24CI2:17-cv-00005   Document #: 1   Filed: 01/06/2017   Page 7 of 14   Page 7 of 14

i)   such other acts of negligence which may be proven at trial.

29.

The Horton Defendants had a duty to maintain their business premises in a reasonable and safe condition and a duty to take steps reasonably calculated to remove the aforesaid dangerous and hazardous conditions and a duty to warn their business invitees of the aforesaid dangerous and hazardous conditions.

30.

The Horton Defendants' breach of duties, delineated herein above, proximately caused Eldon to suffer severe personal injuries; past, present, and future pain and suffering; past, present, and future mental anguish; temporary and/or permanent disability; past, present, and future medical expenses and costs; and to no longer enjoy a full, complete, and independent life. The Horton Defendants' breach of duties, delineated herein above, proximately caused Cheryl and Stephen to suffer mental anguish and to incur substantial expense related to Eldon's care.

## COUNT II – AMERICANS WITH DISABILITIES ACT

31.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 30 above.

32.

The Horton Defendants were negligent in the following:

a)   invited disabled patrons to traverse a known hazardous area that did not comply with the ADA Standards for Accessible Design;

b)   failed to construct a safe and compliant stairwell within its model home in accordance with the ADA Standards for Accessible Design;

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

c) failed to have adequate warnings to advise patrons that the stairwell area was dangerous;

d) failed to properly inspect a known patron access point for hazards and ADA compliance issues;

e) failed to exercise adequate due care for the safety of their disabled patrons;

f) failed to maintain adequate staff to provide for the safety of their disabled patrons;

g) failed to adequately train staff to remove such hazards to disabled patrons as described herein;

h) failed to otherwise exercise due care with respect to the matters alleged in this complaint; and

i) such other acts of negligence which may be proven at trial.

33.

The Horton Defendants had a duty to maintain their business premises in a reasonable and safe condition in accordance with the ADA Standards for Accessible Design and a duty to take steps reasonably calculated to remove the aforesaid dangerous and hazardous conditions and a duty to warn its business invitees of the aforesaid dangerous and hazardous conditions.

34.

The Horton Defendants' breach of duties, delineated herein above, proximately caused Eldon to suffer severe personal injuries; past, present, and future pain and suffering; past, present, and future mental anguish; temporary and/or permanent disability; past, present, and future medical expenses and costs; and to no longer enjoy a full, complete, and independent life. The Horton Defendants' breach of duties, delineated herein above, proximately caused Cheryl and Stephen to suffer mental anguish and to incur substantial expense related to Eldon's care.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

## COUNT III – NEGLIGENCE PER SE

35.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 34 above.

36.

The Horton Defendants were negligent per se in that they failed to construct a safe and compliant stairwell within their model home in compliance with the applicable building code and the ADA Standards for Accessible Design.

37.

Eldon was a member of the class sought to be protected under the applicable building code and the ADA Standards for Accessible Design.

38.

Eldon's injuries were of a type sought to be avoided by the applicable building code and the ADA Standards for Accessible Design.

39.

These violations proximately caused Eldon's injuries.

40.

The Horton Defendants had a duty to maintain their business premises in a reasonable and safe condition and a duty to comply with the applicable building code and the ADA Standards for Accessible Design.

41.

The Horton Defendants' breach of duties, delineated herein above, proximately caused Eldon to suffer severe personal injuries; past, present, and future pain and suffering; past, present, and future mental anguish; temporary and/or permanent disability; past, present, and future medical expenses

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

and costs; and to no longer enjoy a full, complete, and independent life. The Horton Defendants' breach of duties, delineated herein above, proximately caused Cheryl and Stephen to suffer mental anguish and to incur substantial expense related to Eldon's care.

## COUNT IV - GROSS NEGLIGENCE

42.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 41 above.

43.

At all times mentioned herein above, the Horton Defendants acted with gross negligence and total disregard of the duties owed to Eldon to the degree that said gross negligence constitutes an intentional act.

44.

As a result of the gross negligence of the Horton Defendants, Eldon, Cheryl and Stephen have been damaged in an amount set forth in the damages paragraph below, including but not limited to the amount set forth in the punitive damages paragraph below.

## DAMAGES

45.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 44 above.

46.

At all times mentioned herein, the damages suffered by Eldon, Cheryl and Stephen were caused by the Horton Defendants. As a further direct and proximate result of the negligence of the Horton Defendants set forth above, Eldon, Cheryl and Stephen sustained the above described serious injuries and damages should be recovered.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

47.

As a result of the gross negligence of the Horton Defendants, Eldon, Cheryl and Stephen have been damaged in an amount set forth in the damage paragraph below, including but not limited to the amount set forth in the punitive damage paragraphs set forth below.

48.

Taking into consideration the damages of every nature and kind, of which Eldon may never recover from, Eldon, Cheryl and Stephen have been damaged in an amount to be proven at trial, but not less than Twelve Million Dollars and No Cents ($12,000,000.00).

## PUNITIVE DAMAGES

49.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 48 above.

50.

At all times mentioned herein, the Horton Defendants acted with actual malice and gross negligence which evidences a willful, wanton, or reckless disregard for others, or committed actual fraud, and such actions were so oppressive and overbearing that in order to punish the wrongdoer and deter similar misconduct in the future, the Horton Defendants should be subject to punitive damages consistent with the statutory scheme in the State of Mississippi. Specifically, after considering the Horton Defendant's financial condition and net worth, the nature and reprehensibility of the Horton Defendants' wrongdoing, the Horton Defendants' awareness of the amount of harm being caused, and the Horton Defendants' motivation in causing such harm, the duration of the Horton Defendants' misconduct and attempts to conceal such misconduct, and Miss. Code Ann. § 11-1-65, the Horton Defendants should be subject to punitive damages in an amount bearing some proportion to the Horton Defendants' worth and income to be proven at trial and decided by the jury.

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

## ATTORNEY'S FEES

51.

Eldon, Cheryl and Stephen incorporate by reference the allegations contained in paragraphs 1 through 50 above.

52.

The Horton Defendants are liable for all reasonable attorney's fees incurred in pursuit of this cause in accordance with the ADA.

WHEREFORE, Eldon, Cheryl and Stephen pray for the following:

1. The Court issue process to the Horton Defendants;

2. Trial by jury;

3. Judgment for Eldon, Cheryl and Stephen and against the Horton Defendants;

4. A judgment of an award of damages against the Horton Defendants that willfully and fairly compensate Eldon for severe personal injuries; past, present, and future pain and suffering; past, present, and future mental anguish; temporary and/or permanent disability; past, present, and future medical expenses and costs; a judgment of an award of damages against the Horton Defendants that will fully and fairly compensate Cheryl and Stephen for their mental anguish and economic loss; plus interest according to law for a total judgment in an amount to be proven in trial, but not less than Twelve Million Dollars and No Cents ($12,000,000.00).

5. A judgment for punitive damages in an amount to be proven at trial based on the worth of the Horton Defendants;

6. A judgment for Eldon, Cheryl and Stephen and against the Horton Defendants for their reasonable attorney's fees;

7. A judgment for all costs of this action;

8. An award of interest at the legal rate on any judgment rendered herein; and

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

9. Such other relief as the Court may grant in the premises.

Respectfully submitted, on this ___6___ day of January, 2017.

RUSHING & GUICE, P.L.L.C.
Attorneys for Plaintiffs

BY: _____
MARIA MARTINEZ MSBN 9951
WILLIAM L. GUICE III MSBN 5059
P. O. Box 1925
Biloxi, MS  39533
Phone: (228) 374-2313
Fax:    (228) 875-5987
bguice@rushingguice.com
mmartinez@rushingguice.com

RUSHING & GUICE, P.L.L.C.
ATTORNEYS AT LAW
P.O. BOX 1925
BILOXI, MS 39533-1925

228 374-2313

Case: 24CI2:17-cv-00003   Document #: 1   Filed: 01/06/2017   Page 14 of 14
W:\9074\Working\Pleadings\Complaint.docx

Page 14 of 14